**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **Tellagemini Communication LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**Civicom, Inc.,**<br><br>Defendant. | Case No. ________________<br><br>Patent Case<br><br>Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Tellagemini Communication LLC ("Tellagemini"), through its attorney, Isaac Rabicoff, complains of Civicom, Inc., ("Civicom"), and alleges the following:

## PARTIES

1. Plaintiff Tellagemini Communication LLC is a corporation organized and existing under the laws of Washington and maintains its principal place of business at 3135 E. 11th Avenue, Spokane, WA 99202.

2. Defendant Civcom, Inc. is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 242 Stanwich Road, P.O. Box 4689, Greenwich, CT 06831.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Civicom because it has engaged in systematic and continuous business activities in the District of Delaware. Specifically, Civicom resides in this District as it is incorporated in Delaware and provides its full range of products to residents in this District. As described below, Civicom has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Civicom has committed acts of patent infringement in this District and is incorporated in the state of Delaware. In addition, Tellagemini has suffered harm in this district.

## THE PATENT-IN-SUIT

7. Tellagemini is the assignee of all right, title and interest in United States Patent No. 7,062,036 (the "'036 Patent," or "Patent-in-Suit"), including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '036 Patent. Accordingly, Tellagemini possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Civicom.

### The '036 Patent

8. On June 13, 2006, the United States Patent and Trademark Office issued the '036 Patent. The '036 Patent is titled "Telephone Call Information Delivery System." The application leading to the '036 Patent was filed on July 1, 2002, which was a continuation-in-part of application number 09/499,652, which was filed on February 8, 2000; which claims priority from provisional application number 60/118,971, which was filed on February 6, 1999. A true and correct copy of the '036 Patent is attached hereto as Exhibit A and incorporated herein by reference.

9. The ’036 Patent is valid and enforceable.

**COUNT I: INFRINGEMENT OF THE ’036 PATENT**

10. Tellagemini incorporates the above paragraphs herein by reference.

11. **Direct Infringement.** Civicom has been and continues to directly infringe at least claim 9 of the ’036 Patent in this District and elsewhere in the United States by meeting the elements found in the preamble of claim 9: “[a] telephone call information delivery system.” For example, Civicom’s On-Demand conference call services uses a telephone call information delivery system. *See* https://www.civi.com/civicom-conferencing-service/; webpage attached hereto as Exhibit B; Figure 1.




*Figure 1. Civicom’s On-Demand conference call services use a telephone call information delivery system.*

12. Civicom’s On-Demand conference call services meet the elements of claim 9(a): “answering circuitry configured to answer a telephone call and to attain call announce information input by a caller.” For example, the answering circuitry of the Civicom conference call service answers calls are placed to the conference call phone number. Callers must then enter a passcode or a unique PIN and are then asked to provide call announce information such as the caller’s name. *See* Ex. B, Figure 2; *see also* https://www.civi.com/conferencing-help-guide/; webpage attached hereto as Exhibit C; Figure 3.

## Unique Passkeys — Secure Entry



With highly sensitive conference calls, you need more than the typical unrestricted passcode that is shared permanently for every conference call. Our secure conferencing service provides the confidence that only the people you want on your calls are actually the ones attending. Unlike a typical conference call where participants use an identical passcode, our exclusive Unique Passkey feature lets you give each participant a unique PIN to prevent uninvited participants.

## Name Announcement and Roll Call




Participants will be instructed to record their names before entering the conference. Name recordings are stored for optional Roll Call playback and Name Announcement (when joining or leaving a conference). Know exactly who is on the call at any given time. Get a playback of all participants' names, recorded in their own voices. Roll Call can be heard by everyone in the conference or just by the Moderator.

*Figure 2. Callers must enter a passcode or a unique PIN and are then asked to provide call announce information such as the caller's name.*




*Figure 3. The answering circuitry of the Civicom conference call service answers calls are placed to the conference call phone number.*

13. Civicom's On-Demand conference call services meet the elements of claim 9(b): "a delay to delay the answering circuitry." For example, a delay function delays the answering circuitry from connecting the caller to the conference call bridge until the caller has entered the caller's name.. *See* Ex. B; Figure 2.

14. Civicom's On-Demand conference call services meet the elements of claim 9(c): "an information signal provider configured to provide a live audio signal to deliver at least some of the attained call announce information to a user." For example, an information signal provider function provides the call announce information supplied by a caller (e.g. caller's name) to the conference call participants when the caller joins the conference call. *See* Ex. B; Figure 2.

15. Civicom's On-Demand conference call services meet the elements of claim 9(d): "wherein the system further comprises a repeater configured to prompt the answering circuitry to attain call announce information a plurality of times, each successive time subsequent to the

providing of a live audio signal, delivering the at least some of the attained call announce information." For example, a repeater causes the answer circuitry to attain each caller's name, which is then delivered to the conference call participants when the caller joins the call. *See* Ex. B; Figure 2.

16. Tellagemini is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

17. Tellagemini will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

## JURY DEMAND

18. Under Rule 38(b) of the Federal Rules of Civil Procedure, Tellagemini respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Tellagemini asks this Court to enter judgment against Civicom, granting the following relief:

A. A declaration that Civicom has infringed the Patent-in-Suit;

B. An award of damages to compensate Tellagemini for Civicom's direct infringement of the Patent-in-Suit;

C. An order that Civicom and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with them, be preliminarily and permanently enjoined from infringing the Patent-in-Suit under 35 U.S.C. § 283;

D. An award of damages, including trebling of all damages, sufficient to remedy Civicom's willful infringement of the Patent-in-Suit under 35 U.S.C. § 284;

E. An accounting for damages under 35 U.S.C. § 284 for infringement of the '036 Patent by Civicom, and the award of damages so ascertained to Tellagemini together with interest as provided by law;

F. A declaration that this case is exceptional, and an award to Tellagemini of reasonable attorneys' fees, expenses and costs under 35 U.S.C. § 285;

G. An award of prejudgment and post-judgment interest; and

H. Such other relief as this Court or jury may deem proper and just.

Dated: December 17, 2018

Respectfully submitted,

*/s/ Timothy Devlin*

Timothy Devlin
Delaware Bar No. 4241
DEVLIN LAW FIRM LLC
1306 N. Broom Street, 1st Floor
Wilmington, DE 19806
Phone: (302) 449-9010
tdevlin@devlinlawfirm.com

Isaac P. Rabicoff
(*Pro Hac Vice Admission Pending*)
Kenneth Matuszewski
(*Pro Hac Vice Admission Pending*)
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com
kenneth@rabilaw.com

**Counsel for Plaintiff**